Catron, Ch. J.
delivered the opinion of the court.
Evans resists this action on the ground that Frazer’s entry and grant are void, as against his preference right, by force of the 5th section of the act of 1827. Either of these two persons had a right to enter the whole land appropriated by both; a division between them was required by law; to give Evans all and Frazer none, was contrary to the words and meaning of the statute, and the principal surveyor properly disregarded what had been done by his deputy and the arbitrators he appointed. Frazer’s entry and grant are valid, and he must prevail.
We apprehend that in cases of conflicting claims contemplated by the 5th section of the occupant law, the award of the three arbitrators and the surveyor is conclusive of the parties’ respective rights of entry, unless there be fraud, and that this cannot be enquired into in an action of ejectment. When the proper affidavits have been made, and an occupant entry has been grounded thereon, then the land is by law withholden from the general enterer; the evidence of preference is a matter of record appearing on the surveyor’s books, and on the general plan, whereby the invalidity of the general enterer’s entry and grant may be ascertained and resisted, because void, for want of the power in the surveyor to receive that entry and make the survey. But the case of conflicting rights of preference to enter the same land are not *455 embraced by the 5th and 8th sections of the act of 1827 no penalty is imposed on the surveyor for permitting either claimant to enter the land after a first entry by his adversary, in which case the 6th section prescribes the surveyor’s duty. Judgment in the case agreed will be entered for the plaintiff, with costs.
Judgment for plaintiff.